UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-145 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is "Defendant Nueces County's Rule 12(b)(6) Motion to Dismiss Jim Kaelin and the Nueces County Sheriff's Department, and Motion to Dismiss Certain Claims Against Nueces County, Texas" (D.E. 17). Plaintiff timely filed his Response (D.E. 20). For the reasons stated below, the Motion is GRANTED. Jones' responsive request for leave to amend (D.E. 20, p. 16, ¶ 32) is DENIED.

## FACTS

According to Plaintiff Trey Jones' (Jones') Complaint, he was a pretrial detainee in the Nueces County Jail and had several encounters with Nicholas Ortega, who was employed by the Sheriff's Office as a jailor. The two had a history of conflict and Jones had filed grievances against Ortega. Then on March 18, 2010, after a heated discussion, Ortega allegedly slammed Jones against the wall and kicked him several times, causing significant personal injuries. As a result of the incident, Ortega was terminated from his employment with the Sheriff's Office and there are pending criminal charges against him.

Jones sued Ortega, Sheriff Kaelin, the Sheriff's Department, Nueces County, Texas, and Christus Spohn Health Systems Corp., alleging causes of action for excessive force and inadequate medical care against all of the Defendants, citing United States Constitution Amendments IV, V, VIII, and XIV. Jones states a First Amendment claim in the event that the Defendants rely on Jones' words as provocation for the alleged beating. Jones alleges that the Defendants' conduct further violated the Texas Tort Claims Act because tangible personal property was used in Defendants' employees' negligence, wrongful act, or omission. He makes general claims under 42 U.S.C. § 1981.[1] Jones ends his Complaint with assertions of a *Bivens* claim, negligence against Ortega and Christus Spohn Health Systems Corporation, and assault and battery as well as intentional infliction of emotional distress against Ortega.

## DISCUSSION

**A. Defendant Jim Kaelin, Sheriff, is Not a Proper Party.**

**a. There is No Vicarious Liability Under § 1983.**

Plaintiff has sued Jim Kaelin in his official capacity as Sheriff of Nueces County, Texas. Complaint, D.E. 1, introductory paragraph and ¶ 24). Nothing in the Complaint or Response asserts that Jim Kaelin has been sued in his individual capacity. The Complaint states no facts that would support a conclusion that Kaelin, personally as opposed to in a representative capacity, was involved in any altercation with Jones or

---

[1] The Complaint references § 1981, but the Response seeks leave to amend to correct a typographical error, stating that the provision intended to be referenced was § 1985.

personally acted to harm Jones or knowingly failed to act to protect Jones. Accordingly, Nueces County seeks dismissal of Kaelin because there is no vicarious liability for § 1983 violations and because any claim made against Kaelin in his official capacity is actually a suit against the County, making the naming of Kaelin simply redundant. *See generally, Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).

Jones' responsive arguments are inapposite. First, he briefs issues related to the defense of qualified immunity. Qualified immunity is only relevant to individual liability. *E.g., Sanders-Burns v. City Of Plano*, 594 F.3d 366, 371 (5th Cir. 2010). Individual liability was not pled, but rather official or representative capacity was alleged. Complaint, D.E. 1, introductory paragraph and ¶ 24. The Motion did not address any defense of qualified immunity and Jones' response does not apply.[2]

Second, Jones briefs circumstances under which a *government entity* can be liable for constitutional violations, such as when they are caused by an official policy, custom, or practice. This does not address Kaelin's liability as separate from the County's. Again, the response does not apply.

Third, Jones argues that a Sheriff, along with the County, can be liable for deliberate indifference to a person's constitutional rights. However, the briefing acknowledges that the Sheriff, as the "supervising official," must have knowledge of the facts or an unconstitutional pattern or practice—thus making him deliberately indifferent in failing to act—before liability is assessed. Nothing in the Complaint suggests that

---

[2] In addition to the arguments addressed here, Jones includes in his Response a number of discussions regarding the allegations of failure to provide medical care. Those allegations were not addressed in the Defendants' Motion and are not adjudicated here.

Sheriff Kaelin had actual knowledge of anything specifically related to Jones or the incident.  Again, individual liability is not alleged against Kaelin and facts, rather than speculation or possibility, must be alleged.  *E.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).

Jones' allegation that "Defendants['] conduct, acts and omissions alleged above, were committed knowingly . . ." is not sufficient.  Complaint, D.E. 1, ¶¶ 28, 30, 31, 35.  Neither that allegation nor those preceding elucidate how Kaelin, himself, actually knew of a constitutional violation related to excessive force practiced upon Jones.  In his Response, Jones argues repeatedly that Kaelin was the department head and "knew or should have known" of events based upon his "representative capacity."  At best, this states a claim against the County, not Kaelin.

From Jones' briefing, it appears that he relies on three cases for the proposition that he has a valid constitutional claim against Kaelin for excessive force.  The Supreme Court held that failure to train a peace officer could state a claim against a municipality in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989).  The case did not address individual liability.  Furthermore, the proof necessary against the municipality includes a conscious choice, described as proof that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Id*. at 390.

Nothing in Jones' Complaint identifies a specific obvious need, a defect in any particular policy, or a link between such a need, policy, and constitutional violation. A generalized allegation that more or better training was needed is patently insufficient.

> Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal.

*Id.* at 391.

In *Farmer*, another case cited by Plaintiff, the Supreme Court built upon the *Canton* opinion and distinguished individual liability from official liability by determining that a prison official, individually, cannot be sued without proof of deliberate indifference that includes a subjective awareness component. *Farmer v. Brennan*, 511 U.S. 825, 841, 114 S.Ct. 1970 (1994).

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, 511 U.S. at 837. Plaintiff has offered no factual basis for finding Kaelin to have been deliberately indifferent in this case under the Supreme Court's subjective reckless disregard test.

Plaintiff's argument finds no better support in *Kesler v. King*, 29 F. Supp. 2d 356 (S.D. Tex. 1998). That case involved summary judgment motions with affirmative evidence of deliberate indifference. For instance, there was evidence that the Chief Deputy in Charge who oversaw the violent shakedown of a prison was personally aware of a number of excessive force complaints against one of those involved, but had affirmatively disregarded them, claiming that the hiring of that particular individual was not within his responsibility. The court described the attitude as one of "willful ignorance." *Id*. at 370. With respect to another claim in that case that arose from a failure to supervise, the court observed that the official charged with that failure was present at the scene and failed to intervene. *Id*. at 373. In contrast, the instant case does not involve allegations or evidence that Kaelin, himself, was present or otherwise willfully ignorant with respect to any material fact in this case.

Jones is incorrect in relying on a "the buck stops here" argument to impute liability to Sheriff Kaelin as the elected official in charge with ultimate authority over the jail. As the cases above reflect, liability under § 1983 simply does not attach to specific employees simply based on the management structure of the institution and Jones has failed to supply any authority supporting that conclusion.

Fourth, Jones argues employment discrimination law for the proposition that Sheriff Kaelin is the "employer" of Ortega. Because there is no vicarious liability under § 1983, Kaelin's status as "employer" for employment law complaints—or for any other purpose—has no bearing on the issue before the Court.

### b. Claims Against the Sheriff are Redundant Claims Against the County.

Defendant's Motion, with respect to the claims against Sheriff Kaelin, also argues that official capacity claims are merely claims against the entity that the official represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985); *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). In this case, suing Sheriff Kaelin in his representative capacity actually states a claim against Nueces County, which is already a Defendant in its own right. Jones has failed to address this argument in his Response. Because the language of the Complaint refers to Sheriff Kaelin in his official or representative capacity and because the Complaint does not allege facts that implicate Sheriff Kaelin individually, Jones does not have a basis to dispute the Motion on this ground.

For these reasons, the Court GRANTS the Motion and DISMISSES Sheriff Kaelin as a separate Defendant. To the extent that claims are made against the Sheriff, they will be deemed made against Defendant Nueces County, Texas.

### B. Defendant Nueces County Sheriff's Department is Not a Proper Party.

Nueces County further argues that its Sheriff's Office (a/k/a Department) is not a separate jural entity capable of being sued. *See generally*, *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991). Just as suing the Sheriff was redundant of suing the County, suing the Sheriff's Department is redundant of suing the County. Jones, who bears the burden of proof on this issue, did not address this argument in his Response. *See id.* The Court GRANTS the Motion and DISMISSES the Sheriff's

Department of Nueces County, Texas as a separate Defendant.  To the extent that claims are made against the Sheriff's Department, they will be deemed made against Defendant Nueces County, Texas.

### C. Plaintiff Fails to State a Sufficient Excessive Force Claim Against the County.

Liability can be demonstrated against Nueces County if there is a specific practice instituted by a County policymaker that is the moving force behind a constitutional violation.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  The County seeks a Rule 12(b)(6) dismissal of the excessive force claims against it because the pleadings do not make plausible the elements of this claim so as to survive *Twombly* and *Iqbal*.  In other words, the County argues that the Complaint contains mere conclusions or recitations of elements of claims rather than creditable facts.

Jones, apparently conceding the dearth of facts raising a plausible claim, has responded, repeatedly, that he needs a chance to conduct discovery to find out if his suspicions against the County are true.  Federal practice does not allow this.  Jones' "plead first and discover if there are supporting facts later" is exactly the problem that the Supreme Court sought to remedy in *Twombly* and *Iqbal*.  The case proceeds to discovery only if the complaint contains enough facts to give rise to a reasonable expectation that discovery will reveal evidence of the elements of the claim.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009).

The Court FINDS that the allegations in the Complaint are insufficient under the *Twombly/Iqbal* test. The claims for excessive force against Defendant Nueces County, Texas are DISMISSED.

### D. The § 1981 Claims Are Dismissed and Plaintiff's Motion for Leave to Amend to Assert § 1985 Claims is Denied.

The County seeks dismissal of the § 1981 claims as inapplicable and frivolous. Jones has responded that he did not intend to make a claim under § 1981, which was a typographical error, but rather intended to sue under § 1985. Jones seeks leave to amend to correct the typographical error.

Pursuant to Fed. R. Civ. Pl 15(a)(2), leave to amend should be freely given when justice so requires. If Jones is permitted to change the reference from § 1981 to § 1985, he will not have stated a claim that is plausible. The relevant statement of the cause of action, by whatever section of Title 42, is based on the "facts" paragraphs previously stated in the Complaint. D.E. 1, p. 17. Those "facts" are insufficient to support a conspiracy claim just as they are insufficient to support an excessive force claim against the County. *Twombly, supra*; *Iqbal, supra*. The law does not require a useless act and a court does not abuse its discretion when it denies a motion for leave to amend that would be futile. *E.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 321 (5th Cir.1991)*.

The Court DISMISSES all claims made under 42 U.S.C. § 1981 as made in error. The Court DENIES Jones' request for leave to amend to make a claim under 42 U.S.C. § 1985.

### E. Plaintiff Fails to Allege a Proper Texas Tort Claims Act Violation.

The County seeks a dismissal of the claim brought pursuant to the Texas Tort Claims Act because that act does not apply to waive sovereign immunity against claims for intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2). There is no question that Jones' alleged deliberate use of excessive force claim in this case states an intentional tort. *City of Waco v. Williams*, 209 S.W.3d 216, 223-24 (Tex. App.—Waco 2006, pet. denied) (a plaintiff cannot circumvent the limitations of the Texas Tort Claims Act by couching an intentional tort in negligence language). *See also* D.E. 1, p. 18 (stating the claims against Ortega as "assault and battery" and "intentional infliction of emotional distress").

Jones responds, arguing that tangible property might have been misused in the beating and kicking he suffered or a condition of the premises might have been somehow involved. Again, Jones suggests that discovery will provide the answer to whether or not there is any merit to these bare allegations. As discussed above, such an approach is barred by *Twombly* and *Iqbal*. Jones did not respond at all to the motion on the issue of the very clear Texas Tort Claims Act exception for intentional torts.

The Court DISMISSES Jones' claims against the County based on alleged violations of the Texas Tort Claims Act.

### CONCLUSION

The Court GRANTS Defendant Nueces County's Rule 12(b)(6) Motion in its entirety. All claims against Jim Kaelin, Sheriff, and the Nueces County Sheriff's

Department are hereby DISMISSED. All claims against Defendant Nueces County, Texas for excessive force, violations of 42 U.S.C. § 1981, and liability under the Texas Tort Claims Act are hereby DISMISSED. Jones' request for leave to amend to substitute claims under 42 U.S.C. § 1985 is DENIED.

ORDERED this 15th day of August, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE