UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-145 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is "Defendant Christus Spohn Health Systems Corporation's [(Spohn's)] Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and 12(h)(2) or in the Alternative, Motion for Summary Judgment Pursuant to Rule 56" (D.E. 26). After reviewing the motion and response (D.E. 42) and for the reasons set out below, the Motion to Dismiss for lack of subject matter jurisdiction and the Motion for Judgment on the Pleadings for failure to state a claim upon which relief can be granted (D.E. 26) are GRANTED. The Court does not reach the alternative motion for summary judgment.

## FACTS AND ALLEGATIONS

Plaintiff Trey Jones (Jones) alleges that a jailor, Defendant Nicholas Ortega, engaged in excessive force and intentionally injured him. He alleges suffering a broken nose, cut lip, broken thumb, severely injured wrist, along with injuries to his chest, shoulder, ribs and head. Jones complains that he continues to endure severe headaches and frequent nose bleeds as well as continued pain and impairment with his wrist and

shoulder.  D.E. 1, p. 5.  With these injuries being obvious, Jones further alleges that Defendant Spohn failed to provide minimal medical treatment.  More specifically, Jones complains of the failure to x-ray his nose, hand, wrist, shoulder, ribs, and chest, the failure to refer him to an ear, nose, and throat specialist, and the failure to re-set his nose within 24 hours of the incident.  *Id.*, pp. 5-6.

Jones alleges that Spohn has the contractual responsibility to provide appropriate medical treatment to incarcerated persons, but failed with respect to diagnosis, treatment, and referral or transporting of Plaintiff to other medical providers.  Such conduct is stated to be deliberate indifference to Jones' serious medical needs as well as malicious, and is thus alleged as a violation of the United States Constitution amendment VIII and XIV, actionable under 42 U.S.C. § 1983.  D.E. 1, pp. 9-10.  Jones further alleges that Spohn failed to properly train its personnel and did not have in place or did not enforce proper policies for handling the medical needs of inmates.  D.E. 1, pp. 12-14.  Jones claims that Spohn approved or ratified the conduct of other Defendants in the operation and condition of the jail.  D.E. 1, p. 15.

Without explaining the alleged condition or use of tangible personal property involved, Jones alleges violations of the Texas Tort Claims Act.  D.E. 1, p. 16.  With respect to all of the complaints, Jones suggests that they constitute claims that are actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  D.E. 1, p. 17.  Last, Jones alleges that Spohn was negligent.  D.E. 1, pp. 17-18.

## THE PROCEDURAL POSTURE

Spohn seeks judgment pursuant to the following defenses: (1) lack of subject matter jurisdiction over all tort claims pursuant to governmental immunity and the limitations of the Texas Tort Claims Act; (2) failure to allege sufficient facts to support the civil rights and malice causes of action; and (3) any claim under 42 U.S.C. § 1981 or 1981a being frivolous.

Jones responds to the motion, suggesting that Spohn has waived its Motion to Dismiss and that any treatment of any request for relief as a summary judgment motion under Fed. R. Civ. P. 56 is premature in that Jones is entitled to sufficient notice and time for discovery before summary judgment may issue. Jones otherwise concentrates on the existence of theories of liability without addressing Spohn's specific arguments and the factual adequacy of his pleadings.

## DISCUSSION

### A. Spohn Did Not Waive its Right to Contest Jurisdiction

In its Original Answer, Defendant Spohn asserted a challenge to jurisdiction pursuant to its denial that it, in fact, violated Plaintiff Jones' civil rights. D.E. 10, p. 2. Spohn further raised in nonspecific terms the failure to state a claim upon which relief could be granted. D.E. 10, p. 14. Spohn clarified its governmental immunity defense as a jurisdictional challenge in its First Amended Answer. D.E. 38. While Rule 12(b) requires the defenses of lack of subject matter jurisdiction and failure to state a claim to be raised by motion prior to pleading, neither is considered waived by failure to do so. Fed. R. Civ. P. 12(h).

The failure to state a claim may be raised by a Rule 12(c) motion for judgment on the pleadings after the close of pleadings. Fed. R. Civ. P. 12(c), (h)(2)(B). Pleadings are "closed" when a complaint and an answer are filed. *Maniaci v. Georgetown University,* 510 F.Supp.2d 50, 60 (D.D.C. 2007); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. 02–CV–0032–D, 2002 WL 31114077 (N.D. Tex., Sept. 20, 2002). Therefore, Defendant Spohn's challenge to Jones' claims is not procedurally waived, but is timely.

A lack of subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3); *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977). Jones' suggestion that Defendant Spohn waived the defenses stated in its motion is rejected.

### B. Spohn's Motion is Not Converted to a Rule 56 Motion

The issues presented in Spohn's Motion to Dismiss involve questions of law that can be determined on the pleadings or by review of undisputed facts. Consequently, it is properly a Rule 12 motion and does not require treatment as a Rule 56 motion. *E.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### C. Jones Fails to State a Claim Upon Which Relief May Be Granted With Respect to His Tort Claims.

Plaintiff, having filed this action in federal court, bears the burden of proof that jurisdiction exists. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Ramming, supra*. With respect to its jurisdictional challenges, Defendant Spohn claims to be a "governmental unit," citing Texas Health and Safety Code §§ 285.071 and 285.072. As a "governmental unit," it claims to then be entitled to governmental immunity and the

jurisdictional protections of the Texas Tort Claims Act (TTCA) under Tex. Civ. Prac. & Rem. Code chapters 101, 102, and 108.  D.E. 38, p. 15.  If its arguments are correct, the requirements for suing Spohn for tort damages have not been met and this Court then lacks jurisdiction.  Tex. Gov't Code § 311.034; *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Alternatively, a motion for judgment on the pleadings, which may include a request to dismiss for failure to state a claim upon which relief can be granted, can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as governmental immunity.  A Rule 12(b)(6) challenge to the existence of a cognizable claim can be subsumed within a Rule 12(c) challenge and can be adjudicated as a matter of law.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010).  See D.E. 38 (Spohn's Answer asserting governmental immunity).  Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6)/12(c) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

### 1. Defendant Spohn is a "Governmental Unit"

Spohn claims that it is entitled to governmental immunity because it is a hospital district management contractor with status as a "governmental unit" under the TTCA. The Texas Health and Safety Code provides:

> In this chapter, "hospital district management contractor" means a nonprofit corporation, partnership, or sole proprietorship that *manages or operates a hospital or provides services* under contract with a hospital district that was created by general or special law.

§ 285.071 (emphasis added).

> A hospital district management contractor *in its management or operation of a hospital* under a contract with a hospital district is considered a governmental unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code, and any employee of the contractor is, *while performing services* under the contract for the benefit of the hospital, an employee of the hospital district for the purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code.

§ 285.072 (emphasis added). Spohn has provided a copy of its contracts, which are undisputed and evidence its agreement with the Nueces County Hospital District to *provide services* to inmates in the Nueces County jail as part of its contractual obligation to provide services to the indigent of Nueces County in accordance with "CHRISTUS Spohn *Hospital* Corpus Christi-Memorial" manuals and policies. D.E. 26-1, pp. 17-18 (emphasis added).

While Spohn has been held in prior cases to be a governmental unit under its agreements with the Nueces County Hospital District, those cases have involved hospital settings and have not addressed *providing services* inside a jail and outside a traditional hospital. *E.g., Rodriguez v. Christus Spohn Health System Corp.*, 628 F.3d 731 (5th Cir.

6 / 16

2010).  This case highlights the arguably inconsistent language between the two Health and Safety Code sections.

Section 285.071 unquestionably makes Spohn a "hospital district management contractor" because it, the contractor, *operates a hospital or provides services* under contract with a hospital district.  However, § 285.072, which confers "governmental unit" status and thus governmental immunity for TTCA purposes, refers to a contractor that *operates a hospital* and to that contractor's employees who *provide services.*  In this case, the claim is brought against the contractor, not an employee.  And the claim is for providing services to the jail, not operating a hospital.  The question is whether § 285.072 intentionally left a gap in governmental unit status for contractors who are sued for *providing services* outside of a *hospital* setting.

Spohn argues that it is reasonable to construe the sections harmoniously to confer governmental immunity on a contractor who provides services through its employees at the jail rather than at a hospital.  Spohn also argues that, once Spohn was deemed a contractor under § 285.071, the § 285.072 clause "in its management or operation of a hospital" was superfluous and could not eliminate the contractor status achieved in § 285.071.  In other words, Spohn places decisive import on the contractor status and not on any descriptive clause referring to that contractor's activities.

Jones responds with the suggestion that the Texas legislature intentionally created an Achille's heal because it implicitly recognized that it could not eliminate a person's federal constitutional rights.  Jones then lapses into a discussion of qualified immunity, which is not at issue here.  Jones' argument does not make sense—that the state statute

7 / 16

regarding a waiver of governmental immunity for state tort claims was drafted specifically mindful of federal claims that could not be barred. That argument is further wholly lacking in citation of authorities. The Court rejects Jones' reasoning.

The Court is mindful of the principles of statutory construction generally, and the Texas Code Construction Act, specifically. Tex. Gov't Code § 311.001 et seq. For instance, words and phrases are to be read in context. § 311.011(a). It is presumed that a just and reasonable result is intended and the public interest is favored over any private interest. § 311.021. The Court may consider the object sought to be attained and the consequences of a particular construction. § 311.023.

The Court finds that there is no reasonable basis for distinguishing the liability of Spohn based on whether services were provided in a hospital or in a jail. All such services are authorized by contract with the Nueces County Hospital District and all such services are delivered through various employees. To confer governmental immunity on Spohn employees in any setting (hospital or jail), but confer that immunity on Spohn only in a hospital setting would be an inconsistent result based on an out-of-context reading of the statute, ignoring the public interests involved. Spohn's contract with the Nueces County Hospital District is intended to provide indigent care to all those in Nueces County, including those who are incarcerated there. The Court finds that Spohn is entitled to "governmental unit" status and to the protections of the TTCA in connection with Jones' claims.

## 2.  Jones Has Not Stated a Claim Within the TTCA.

To prevail, Jones must show that his claims fall within the waiver of immunity provided by the TTCA.  Spohn claims that Jones' tort claims fail because:  (1) his health care liability claims, including negligence, fall under Tex. Civ. Prac. & Rem. Code chapter 74 and do not come with their own waiver of immunity (D.E. 26, pp. 8-10); and (2) the claims are not based on a condition or use of tangible personal or real property as required by TTCA § 101.021(b) (D.E. 26, pp. 10-13).

Jones does not address these arguments directly.  Instead, he speculates that, through discovery, he might uncover the involvement of a condition or use of tangible personal or real property.  This is his argument even though his pleadings assert nonfeasance—a complete failure to diagnose and provide medical care.  These are circumstances that do not reasonably implicate the condition or use of real or personal property, fully distinguishable from any misfeasance involving property.

Additionally, to the extent that the claims of excessive force or deliberate indifference to serious medical needs state intentional torts, they are specifically excluded from the TTCA waiver of immunity.  Tex. Civ. Prac. & Rem. Code § 101.057(2).  *See generally*, *Board of County Com'rs v. Brown*, 520 U.S. 397, 411 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (describing the high level of knowing conduct involved in a "deliberate indifference" claim); *City of Waco v. Williams*, 209 S.W.3d 216, 223-24 (Tex. App.—Waco 2006, pet. denied) (excessive force is an intentional tort).

This Court lacks subject matter jurisdiction over Jones' tort claims asserted against Spohn, a governmental unit protected by governmental immunity from claims that do not

fall within the TTCA waiver. Alternatively, Spohn has demonstrated that Jones has not stated tort claims upon which relief may be granted pursuant to the affirmative defense of governmental immunity. The Court GRANTS Spohn's Motion to Dismiss for lack of subject matter jurisdiction and Motion for Judgment on the Pleadings for failure to state a claim upon which relief can be granted as to Jones' tort claims, including his claim for medical negligence.

### D. Jones Fails to State Federal Civil Rights Claims Upon Which Relief Can Be Granted.

The test of pleadings under Rule 12(b)(6) and 12(c) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 1995) (decision under Rule 12(c) is handled under same standards as Rule 12(b)(6)). The *Twombly* court expressly "retired" the old test stated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957) that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969 (quoting *Conley, supra*). The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must

be construed so as to do justice." Rule 8(e). The requirement that the pleader "show" that he is entitled to relief has been construed to require "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 127 S.Ct. at 1965. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id*., 127 S.Ct. at 1966. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

The Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 129 S.Ct. at 1951.

be construed so as to do justice." Rule 8(e). The requirement that the pleader "show" that he is entitled to relief has been construed to require "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 127 S.Ct. at 1965. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id*., 127 S.Ct. at 1966. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

The Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 129 S.Ct. at 1951.

      **a. Jones Does Not Sufficiently Allege a Civil Rights Action Against Spohn for Excessive Force, Deliberate Indifference to Serious Medical Needs, or Retaliation Against Free Speech.**

Pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2) Spohn seeks dismissal of Jones' civil rights claims against it because his pleadings are factually inadequate under *Twombly/Iqbal*. Instead of addressing the *Twombly/Iqbal* standard or his factual allegations, Jones briefs the law on subject matter jurisdiction over civil rights claims and how Spohn is theoretically subject to such claims. He then states conclusively that he has adequately stated all of the facts that he knows and asks for discovery to determine whether there are additional facts that would support his claims. D.E. 42, pp. 12-13.

With respect to excessive force claims, there are no allegations that Spohn or any of its employees participated in the beating that Ortega allegedly inflicted upon Jones. While there are general allegations that fail to distinguish among Defendants and allegations that each authorized or ratified the acts of the others, there are no specific factual allegations to support those generalizations, either.

With respect to medical issues, Jones pleads that his injuries were "open and obvious" to all, including "jail medical personnel." He then complains of a lack of treatment without ever pleading whether he was taken to any specific infirmary or seen by any medical personnel. He claims that he requested and was refused medical treatment for his injuries and that he filed grievances complaining that he was being denied treatment. But he does not plead whether it was jailors or medical personnel who were receiving and refusing those requests.

Likewise, he pleads that "the personnel who staffed the Nueces County Jail infirmary" failed to provide medical treatment or medical referrals.  He does not allege that those were Spohn employees or that they saw him or knew of his condition.  While the pleading is broad enough to include that possibility, it is equally possible under such wide open allegations that the failure to act was based on a failure to be presented with the patient or his injuries because jailors simply left Jones in his cell.  Possibilities are not enough under *Twombly/Iqbal*.

Jones pleads conclusively that "Defendants exhibited deliberate indifference to Plaintiff's serious medical needs" and "knew or should have known of Plaintiff's medical needs."  This does not adequately allege a deliberate indifference cause of action.  In fact, it does not even apply the correct standard of conduct, which involves actual awareness of the danger and deliberate indifference to the risk.  Jones further alleges that Spohn did not have in place adequate policies for such things as training personnel.  However, there is no allegation of proximate cause to connect any such policy-based liability with the subject incident.

With respect to retaliation against his exercise of the First Amendment freedom of speech, his allegations are equally generic, conclusory, and unrelated to any conduct specifically involving Spohn or its personnel.  He does not state what speech was uttered, why it is protected speech, and whether anything did, in fact, occur in retaliation.  Rather, it is speculation that, if unspecified Defendants claim that their conduct was provoked, it might have been provoked by protected speech.  This is not enough to state a claim of retaliation.

A claim of deliberate indifference requires pleadings that provide some means to identify the person at fault, that the person was actually aware of the excessive health risk, and that he or she deliberately disregarded the danger, resulting in the plaintiff's injury or damages. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The allegations are factually deficient and do not rise above a mere possibility that Jones' constitutional rights were infringed.

With such a wholesale failure to allege a viable cause of action, discovery is not warranted. The case proceeds to discovery only if the complaint contains enough facts to give rise to a reasonable expectation that discovery will reveal evidence of the elements of the claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009). As Jones has expressly stated that he has no additional facts to add, there is no reason to grant leave to amend. Fed. R. Civ. P. 15; *E.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). Dismissal is appropriate.

The Court GRANTS Spohn's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted as to the civil rights claims of excessive force, deliberate indifference to serious medical needs, and retaliation for the exercise of the freedom of speech.

### b.  Jones Fails to State a *Bivens* Claim Against Spohn

According to the Fifth Circuit, a *Bivens* action is analogous and substantively identical to a § 1983 action. The only difference is that § 1983 claims apply to constitutional violations by state actors and *Bivens* claims apply to actions by federal

officials. *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). *See also, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

As set out above, the civil rights claims fail under the *Twombly/Iqbal* standard. Furthermore, nothing in Jones' Complaint states how Spohn can be treated as a federal official in connection with the subject events. Thus, *Bivens* simply does not apply. The Court GRANTS Spohn's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted with respect to the *Bivens* claims.

### E. Jones Does Not State a Claim for Malicious Conduct

Under Fed. R. Civ. P. 9(b), malice may be alleged generally. That rule has been held to mean that no heightened pleading standards apply. However, the ordinary Rule 8(a) fact pleading requirement to state a plausible claim still applies to allegations of malice. *Iqbal, supra*, 129 S.Ct. at 1954. *See e.g., Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377-78 (4th Cir. 2012); *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 916 (7th Cir. 2012).

Jones' Response (D.E. 42) is silent on this issue. For the same reason that Jones' Complaint has been held to fail the *Twombly/Iqbal* standard for deliberate indifference, it fails to state sufficient facts to support a claim of malice. *See* Tex. Civ. Prac. & Rem. Code § 41.001(7). The Court GRANTS Spohn's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted with respect to Jones' claims against Spohn for malice.

### F. Jones Does Not State a § 1981/1981a Claim.

Spohn challenges Jones' claims under 42 U.S.C. §§ 1981 and 1981a as frivolous. Jones has already judicially admitted that those claims were stated in error. D.E. 20, p. 16. Furthermore, Jones does not address this issue in his Response. D.E. 42. The Court GRANTS Spohn's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted with respect to claims asserted under 42 U.S.C. §§ 1981 and 1981a.

### CONCLUSION

For the reasons set out above, the Court GRANTS Defendant Christus Spohn Health Systems Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and 12(h)(2) for failure to state a claim upon which relief can be granted. D.E. 26. The Court does not reach the alternative motion for summary judgment. Jones' request for discovery is DENIED. The Court DISMISSES WITH PREJUDICE all claims made by Plaintiff Trey Jones against Defendant Christus Spohn Health Systems Corporations.

ORDERED this 12th day of October, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE