# County of Nueces



OFFICE OF THE COUNTY ATTORNEY



EXHIBIT A

ALISSA A. ADKINS
Chief of Litigation

**LAURA GARZA JIMENEZ**
COUNTY ATTORNEY
NUECES COUNTY COURTHOUSE
901 LEOPARD, ROOM 207
CORPUS CHRISTI, TX 78401-3680
TELEPHONE (361) 888-0391
FACSIMILE (361) 888-0577

BELINDA HINOJOSA-PERSOHN
Chief of Administrative Services

due
12-17-12

November 14, 2012

CMRRR 7012 1010 0002 1587 3398
Mr. Bill Berry
Ms. Gail Dorn
P.O. Box 23064
Corpus Christi, TX 78403

    Re:    Civil Action no. 2:12-CV-145, *Trey Jones v. Nueces County, Texas and Nicholas Ortega*, In the United States District Court for the Southern District of Texas, Corpus Christi Division

Dear Ms. Dorn,

Enclosed please find a disc containing the following:

(1) Nueces County's First Set of Interrogatories to Plaintiff
(2) Nueces County's First Set of Requests for Production to Plaintiff

Thank you for your attention to this matter.

Very truly yours,

N. JOSEPH UNRUH

Enclosure

cc:

    Mr. Richard W. "Rick" Rogers, III
    Attorney at Law
    710 Buffalo St., Ste. 202
    Corpus Christi, TX 78401
    (VIA FIRST CLASS U.S. MAIL)

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6. |

Postmark: CORPUS CHRISTI, TX  NOV 15 2012  USPS

Sent To: William Berry, Gail Dorn
Street, Apt. No.; or PO Box No.: P.O. Box 23064
City, State, ZIP+4: Corpus Christi, TX 78403

PS Form 3800, August 2006    See Reverse for Instructions

7012 1010 0002 1587 3398

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    William Berry
    Gail Dorn
    Attorneys at Law
    P.O. Box 23064
    Corpus Christi, TX
        78403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   William D. Berry                  11/16

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:
   4:27 pm (cut)

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label):   7012 1010 0002 1587 3398

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREY JONES | § | |
| TDCJ # 01758843 | § | |
| | § | |
| v. | § | 2:12-CV-145 |
| | § | |
| NUECES COUNTY | § | |
| AND NICHOLAS ORTEGA | § | |

### NUECES COUNTY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO: Plaintiff, Trey Jones, TDCJ # 01758843, by and through his attorneys of record, Mr. Willam H. Berry, Jr., and Ms. Gail D. C. Dorn, P.O. Box 23064, Corpus Christi, TX 78403.

COMES NOW DEFENDANT NUECES COUNTY, TEXAS, by and through its undersigned attorneys of record, and, pursuant to FED. R. CIV. P. 26 and 33, and U.S. DIST. CT. SOUTHERN DISTRICT (TEX.) LOC. R. LR-33, submits the following Interrogatories, Instructions and Definitions to PLAINTIFF, TREY JONES.

### Instructions

1. All interrogatories must be answered fully in writing in accordance with FEDERAL RULES OF CIVIL PROCEDURE 33 and 11.

2. All answers to interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to interrogatories, the attorney may file the interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to interrogatories will be filed within twenty (20) days.

3. Each interrogatory shall be set forth immediately prior to the answer thereto.

### Definitions

The following definitions apply to all discovery requests:

1.  <u>Communication</u> - The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

2.  <u>Document</u> - The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in FED.R.CIV.P. 43(a).

3.  <u>Identify (With Respect to Persons)</u> - When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  <u>Identify (With Respect to Documents)</u> - When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5.  <u>Parties</u> - The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

Respectfully submitted,

LAURA GARZA JIMENEZ,
NUECES COUNTY ATTORNEY

_____
Alissa Anne Adkins
Assistant Nueces County Attorney
Chief of Litigation
Southern District No. 32884
Texas Bar No. 00785653
alissa.adkins@co.nueces.tx.us

N. Joseph Unruh
Assistant Nueces County Attorney
Southern District No. 1571957
Texas Bar No. 24075198
joseph.unruh@co.nueces.tx.us

901 Leopard St., Rm. 207
Corpus Christi, TX 78401
Telephone (361) 888-0391
Facsimile (361) 888-0577

ATTORNEYS FOR DEFENDANT
NUECES COUNTY, TEXAS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document was served on:

Mr. William H. Berry, Jr.
Ms. Gail D.C. Dorn
Attorneys at Law
P.O. Box 23064
Corpus Christi, TX 78403
**VIA CMRRR 7012 1010 0002 1587 3398**

Mr. Richard W. "Rick" Rogers, III
Attorney at Law
710 Buffalo St., Ste. 202
Corpus Christi, TX 78401
**VIA FIRST CLASS U.S. MAIL**

on this the 14th day of November, 2012.

_____
N. Joseph Unruh

## NUECES COUNTY'S FIRST SET OF INTERROGATORIES

1. Identify all persons at the Nueces County jail who were aware of your medical condition(s) or need for treatment because of the incident that made the basis of this suit.

ANSWER:

2. Identify each person at the Nueces County jail from whom you requested medical care or treatment from in 2010.

ANSWER:

3. Identify each person who refused to provide you with medical treatment, or access to treatment, during your incarceration at the Nueces County jail in 2010.

ANSWER:

4. Identify each person whom you expect to call as an expert witness at the trial of this case, and, as to each expert identified, state the subject matter on which he is expected to testify, the substance of the facts and opinions to which he is expected to testify, and a summary of the grounds for each opinion.

ANSWER:

5. Identify each healthcare professional who provided any medical, or mental health, care or treatment for the injuries you allegedly sustained while incarcerated in Nueces County in 2010.

ANSWER:

6. Describe with as much particularity as possible the conversation between you and Nicholas Ortega immediately before the incident made the basis of this suit.

ANSWER:

7. Identify each verbal or written complaint made by you to Defendant Nueces County, or its agents and employees, pertaining to or referencing Nicholas Ortega.

ANSWER:

8. Identify by name or describe with particularity any other individuals who were at the Nueces County jail in March 2010, who requested, but were refused, access to medical care.

ANSWER:

9. If you are personally aware of the training procedures utilized by the Nueces County Sheriff's Office, please describe them

ANSWER:

10. If you are personally aware of the supervision procedures utilized by the Nueces County Sheriff's Office, please describe them.

ANSWER:

11. If you are personally aware of the discipline procedures utilized by the Nueces County Sheriff's Office, please describe them.

ANSWER:

12. If you have personally observed or heard about another individual in the Nueces County jail being denied access to medical care, please state the name of each individual and the date that they were refused medical care.

ANSWER:

13. Identify with specificity all of the physical injuries you claim you sustained as a result of the incident made the basis of this suit.

ANSWER:

14. Identify with specificity all of the mental or psychological injuries you claim you sustained as a result of the incident made the basis of this suit.

ANSWER:

15. State the amount of money you have paid out-of-pocket for any medical or mental health care or treatment from March 1, 2010 to present.

ANSWER:

16. Identify each and every person who assisted, in any way, in providing answers to these Interrogatories.

ANSWER:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREY JONES | § | |
| TDCJ # 01758843 | § | |
| | § | |
| v. | § | 2:12-CV-145 |
| | § | |
| NUECES COUNTY | § | |
| AND NICHOLAS ORTEGA | § | |

## NUECES COUNTY'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

TO:   Plaintiff, Trey Jones, TDCJ # 01758843, by and through his attorneys of record, Mr. Willam H. Berry, Jr., and Ms. Gail D. C. Dorn, P.O. Box 23064, Corpus Christi, TX 78403.

COMES NOW DEFENDANT NUECES COUNTY, TEXAS, by and through its undersigned attorneys of record, and, pursuant to FED. R. CIV. P. 26 and 34, and U.S. DIST. CT. SOUTHERN DISTRICT (TEX.) LOC. R. CV-26, submits the following Requests for Production to PLAINTIFF, TREY JONES.

### Instructions

1.   Defendant requests that Plaintiff produce or permit it to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of FED. R. CIV. P. 26 and which are in the custody or control of Plaintiff.

2.   Plaintiff shall serve a written response within thirty (30) days after the service of the request.

3.   If objection is made to part of an item or category, the party shall be specified and inspection permitted of the remaining parts.

4.  A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

### Definitions

The following definitions apply to all discovery requests:

1.  <u>Communication</u> - The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

2.  <u>Document</u> - The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in FED.R.CIV.P. 43(a).

3.  <u>Identify (With Respect to Persons)</u> - When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  <u>Identify (With Respect to Documents)</u> - When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5.  <u>Parties</u> - The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended

Respectfully submitted,

LAURA GARZA JIMENEZ,
NUECES COUNTY ATTORNEY

*/s/ Alissa Anne Adkins*

Alissa Anne Adkins
Assistant Nueces County Attorney
Chief of Litigation
Southern District No. 32884
Texas Bar No. 00785653
alissa.adkins@co.nueces.tx.us

N. Joseph Unruh
Assistant Nueces County Attorney
Southern District No. 1571957
Texas Bar No. 24075198
joseph.unruh@co.nueces.tx.us

901 Leopard St., Rm. 207
Corpus Christi, TX 78401
Telephone (361) 888-0391
Facsimile (361) 888-0577

ATTORNEYS FOR DEFENDANT
NUECES COUNTY, TEXAS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document was served on:

Mr. William H. Berry, Jr.
Ms. Gail D.C. Dorn
Attorneys at Law
P.O. Box 23064
Corpus Christi, TX  78403
**VIA CMRRR 7012 1010 0002 1587 3398**

Mr. Richard W. "Rick" Rogers, III
Attorney at Law
710 Buffalo St., Ste. 202
Corpus Christi, TX  78401
**VIA FIRST CLASS U.S. MAIL**

on this the 14th day of November, 2012.

N. Joseph Unruh

## NUECES COUNTY'S FIRST SET OF REQUESTS FOR PRODUCTION

1. Produce complete and legible photocopies of all statements taken from Plaintiff.

RESPONSE:

2. Produce complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from Plaintiff, any Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

RESPONSE:

3. Produce complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts.

RESPONSE:

4. Produce true and correct copies of any color photographs, videos, or other electronically recorded material in the custody, possession, or control of Plaintiff that depicts his injuries from the incident made the basis of this suit.

RESPONSE:

5. Produce a true and correct copy of all correspondence in the possession, custody or control of Plaintiff that concerns the claims made in Plaintiff's Original Complaint. This request is not seeking any documentation protected by the attorney-client privilege or the work-product doctrine.

RESPONSE:

6. Produce a true and correct copy of all written complaints signed by Plaintiff concerning or referencing Nicholas Ortega.

RESPONSE:

7. Produce a true and correct copy of any documentation pertaining to the training procedures utilized by the Nueces County Sheriff's Office.

RESPONSE:

9. Produce a true and correct copy of any documentation pertaining to the supervision procedures utilized by the Nueces County Sheriff's Office.

RESPONSE:

10. Produce a true and correct copy of any documentation pertaining to the discipline procedures utilized by the Nueces County Sheriff's Office.

RESPONSE:

11. Produce a true and correct copy of all audio, photographic, and video recordings including, but not limited to, audiotapes, photographs, digital or other electronic records, and any transcripts of same, of any meeting, conversation, or event in which Plaintiff discussed the contents of this suit. This request is not seeking any material protected by the attorney-client privilege or the work-product doctrine.

RESPONSE:

12. Produce a true and correct copy of all electronic mail (e-mail) communication, electronic bulletin board communication, or any other form of electronic or Internet communication authored by Plaintiff about Nueces County or any of its officials, employees, or representatives that pertain to the present suit.

RESPONSE:

13. Produce a true and accurate copy of all witness statements in the possession, custody, or control of Plaintiff that discuss, address, or pertain to Plaintiff's claims or any Defendant's affirmative defenses.

RESPONSE:

14. Produce the most current résumé of every expert used for consultation, but who is not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert whom Plaintiff may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

RESPONSE:

15. Produce all documents including all tangible reports, maps, compilations of data, or other materials sent to, reviewed by, or prepared by every expert whom Plaintiff may call to testify at trial by live or deposition testimony, which concern any aspect of this lawsuit.

RESPONSE:

16. Produce all documents that support your alleged damages claim including, but not limited to medical and mental health care bills.

RESPONSE:

17. Produce all documents to support your claim that from Nueces County standpoint, the act(s) or omission(s) complained of in Plaintiff's Original Complaint involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

RESPONSE:

18. Produce all documents to support your claim that Nueces County had actual subjective awareness of the risk alleged in Plaintiff's Original Complaint, but nevertheless proceeded in conscious indifference of the rights and safety or welfare of others.

RESPONSE:

19. Produce all documents indicating Plaintiff's projected release date from TDCJ.

RESPONSE:

20. Produce true and accurate ("unredacted") copies of all medical records from all healthcare providers who provided medical treatment as a result of the incident made the basis of this suit. This request is limited in scope to medical records since the date of the incident made the basis of this suit.

RESPONSE:

21. Produce true and accurate ("unredacted") copies of all medical bills from all healthcare providers who have provided you with medical treatment as a result of the incident made the basis of this suit, showing the amounts actually incurred and actually paid pursuant to Texas Civil Practice and Remedies Code § 41.0105. This request is limited in scope to medical bills since the date of the incident made the basis of this suit.

RESPONSE:

22. Produce a signed HIPPA authorization so that Defendant may obtain true and correct copies of your medical bills and records reasonably related to the injuries that you claim you sustained in the incident made the basis of this suit. A form is attached, for your convenience.

RESPONSE:

23. If Plaintiff asserts a privilege in lieu of producing any document, produce a privilege log identifying the documents withheld and the privilege(s) asserted.

RESPONSE:

## HIPAA Release of Information
## AUTHORIZATION FORM

I, Trey Jones, hereby authorize any medical providers and the provider's agents, employees, contractors, or other persons acting on the provider's behalf, who provided any type of medical treatment to myself on or after January 1, 2010 to release to Alissa A. Adkins and the Nueces County Attorney's Office my personal health information, including information relating to the diagnosis, treatment, claims payment, and health care services provided to her and which indentifies my name, address, social security number, and other information including past, present or future medical or mental health condition, and information relating to the diagnosis and treatment of any illness or condition, without exception. This release pertains to any and all medical records from January 1, 2010 to the present.

Additionally, this disclosure shall include the ability to ask questions and to discuss this protected medical information with the person or entity who has possession of the protected information even if I am fully competent to ask questions and discuss this matter at the time.

I understand that any personal health information or other information released to the person or organization identified above may be subject to re-disclosure by such person or organization and may no longer be protected by applicable federal and state privacy laws.

I am authorizing this release of information in connection with Cause No. 2:12-CV-145, styled *Trey Jones v. Nueces County, Texas and Nicholas Ortega* pending in the United States District Court for the Southern District of Texas, Corpus Christi Division. This authorization expires on the latter of 180 days from the date of my signature, or the date a final judgment is entered in that lawsuit.

I understand that I have a right to revoke this authorization by providing written notice, but that it may not be revoked if the provider or its employees or agents, have taken action on this authorization prior to receiving my written notice. I also understand that I have a right to have a copy of this authorization.

This release authority applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. 1320d and 45 CFR 160-164. It is my intention to give a full authorization to any protected medical information.

Each entity that acts in reliance on this Release shall be released from liability which may result from disclosing my individually identifiable health information and other medical records. A copy or facsimile of this Release shall be as valid as the original Release.

_____          _____
Trey Jones                                Date of Signature
Trey Jones DOB: _____
Trey Jones SSN: _____